**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>PETER MARGIOTTA,<br><br>  Defendant. | CR 17-143-BLG-SPW-2<br><br>ORDER DENYING DEFENDANT'S MOTION IN LIMINE |

Before the Court is Defendant Peter Margiotta's motion *in limine* (Doc. 97) for an order preventing the USA from offering in its case-in-chief, on rebuttal, or for impeachment purposes: 1) evidence and argument that OSHA standards found generally at 29 CFR Part 1910 apply to any conduct at issue in the case; and 2) evidence and argument that Margiotta had *constructive knowledge* of site operations. Margiotta argues both types of evidence are inadmissible because they are irrelevant and unfairly prejudicial. For the following reasons, the Court denies Margiotta's motion.

I. OSHA citations and other references to specific violations of OSHA standards cannot be introduced to prove criminal conduct; however, the

1

factual aspects underlying the violations are admissible.

The USA charged Margiotta with: 1) conspiracy to violate the Clean Air Act (CAA) in violation of 18 U.S.C. § 371; 2) violation of the general duty clause of the CAA, 42 U.S.C. §§ 7413(c)(1), 7412(r)(1); and 3) the knowing release into the ambient air of a hazardous air pollutant listed under § 7412, thereby placing another person in imminent danger of death or serious bodily injury, in violation of § 7413(c)(5). (Doc. 5 at 7–11.) Margiotta's company, Custom Carbon Processing, Inc. (Custom Carbon), received several citations from the Occupational Safety and Health Administration (OSHA) relating to conditions at Custom Carbon's facility and specific violations of OSHA regulations and standards. (Doc. 98-1 at 1–8.)

"[I]t is impermissible to use the violation of a civil statute to *ipso facto* supply a crucial element of a criminal offense." *United States v. Eriksen*, 639 F.3d 1138, 1150 (9th Cir. 2011) (internal quotations removed). The USA cannot predicate its theory of an offense on the defendant's violation of a civil rule. *United States v. White Eagle*, 721 F.3d 1108, 1114 (9th Cir. 2013). However, evidence of civil violations may provide "background information bearing on motive and intent" or may be admitted for other legitimate purposes so long as the USA does not use the violation as "a key part" of its case in proving an offense. *United States v. Wolf*, 820 F.2d 1499, 1505 (9th Cir. 1987); *accord United States v. Stefan*, 784 F.2d 1093, 1098

2

(11th Cir. 1986).

Margiotta incorrectly presumes evidence of specific violations of OSHA rules and regulations is irrelevant because the CAA's general duty clause, § 7412(r)(1), incorporates only the general duty of the OSH Act, 29 U.S.C. § 654(a)(1). As the Court earlier held (Doc. 101 at 16–17), the CAA's general duty clause is a distinct, independently enforceable general duty from the OSH Act's general duty clause, even though the CAA's general duty clause applies "in the same manner and to the same extent" as the OSH Act's. 42 U.S.C. § 7412(r)(1).

The USA states the factual background and information OSHA provided is legitimately relevant and corroborative evidence regarding Margiotta's intent. The Court agrees this information may bear on Margiotta's motive and intent, especially considering OSHA's involvement in the investigation after the December 29, 2012 explosion. Accordingly, the factual background and information is admissible so long as the OSHA citations and other references to specific violations of OSHA standards do not become "a key part" of proving a crucial element of an offense at trial. *See Wolf*, 820 F.2d at 1505.

II. While the USA must prove *actual awareness* for Count 3's knowledge element, there is no similar requirement for Count 2's knowledge element.

Margiotta argues the USA must prove *actual awareness* for the knowledge

elements of both §§ 7413(c)(1) and (c)(5), relating to Counts 2 and 3 respectively. Section 7413(c)(5)(B) states that in determining whether the defendant knew he placed another individual in imminent danger of death or serious bodily injury by releasing a hazardous air pollutant into the ambient air, "the defendant is responsible only for actual awareness or actual belief possessed." This knowledge definition plainly applies to Count 3 under § 7413(c)(5). However, it is not a separate, general definition that applies to the remaining offenses under the statute. Instead, based on the subsection's own limiting language, the definition applies only to § 7413(c)(5), and it does not apply to Count 2 under § 7413(c)(1). As the statute provides no other definition for *knowingly* under § 7413(c)(1), the more generally-accepted definition of *knowingly* is appropriate. Evidence relevant to prove the *knowingly* element under § 7413(c)(1), which may or may not include evidence of Margiotta's *constructive knowledge*, is therefore admissible. Accordingly,

**IT IS HEREBY ORDERED:**

1. Margiotta's Motion *in Limine* Re: OSHA Standards and Constructive Knowledge (Doc. 97) is **DENIED**.
2. The Court grants Margiotta leave to renew his objection at trial to admitting evidence of OSHA citations and other references to specific

4

violations of OSHA.

The Clerk of Court shall notify counsel of this Order.

DATED the 18th day of September, 2019.

                                                  SUSAN P. WATTERS
                                                  UNITED STATES DISTRICT JUDGE