IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER MARGIOTTA,<br><br>Defendant. | CR 17-143-BLG-SPW<br><br>ORDER FOR SUPPLEMENTAL INFORMATION ON RESTITUTION |

The Court previously ordered the Defendant, Peter Margiotta, to provide documentation and records sufficient to establish the origin of the funds Custom Carbon Processing, Inc. (CCP) paid to Joshua Garrison and Aaron Osborne on or before August 14, 2020. (Doc. 207.) Based on documentation the Government provided earlier in this case, the Court determined Garrison and Osborne received $250,000 and $200,000 from CCP respectively. (Doc. 203-1 at 1, 4, 21.) The victims' partial settlement disbursement statements indicate "Total Funds Received," so the Court inferred CCP actually paid the victims those amounts. (*Id.* at 4, 21.)

1

18 U.S.C. § 3664(j)(1) requires that "[i]f a victim has received compensation from insurance or any other source with respect to a loss"—as here— the Court must order restitution be paid "to the person who provided or is obligated to provide the compensation." Because Margiotta and CCP are not one and the same, the Court ordered Margiotta to provide documentation for how CCP paid $250,000 and $200,000 to Garrison and Osborne. If Margiotta himself paid the funds, then the Court would order no further restitution. However, if some other entity paid the funds on CCP's behalf—e.g., an insurance carrier—then Margiotta would be required to pay restitution to the other entity under § 3664(j)(1).

Margiotta provided documents regarding worker's compensation paid to Garrison and Osborne for $60,000 and $40,000 respectively. (Doc. 209-1.) He also provided general release agreements the two victims had with CCP for those same amounts. (Doc. 208-2; Doc. 208-4.)

These amounts, however, do not account for the additional $190,000 and $160,000 Garrison and Osborne received from CCP based on the partial settlement disbursement statements. *See* (Doc. 208-1; Doc. 208-3) (stating "Total Funds Received"). Furthermore, the general releases refer to civil cause number DV 15-0031 in Yellowstone County, while the partial settlement disbursement statements refer to DV 2015-14 in Fallon County. Therefore, it is unclear whether

the worker's compensation payments were part of the partial settlement disbursements at all.

The Court requires additional documentation and/or a full explanation for where the remaining funds came from and whether they include the worker's compensation funds. Whether the funds came from Margiotta or some other entity, the Court needs the information to order restitution under § 3664(j)(1). Accordingly,

**IT IS HEREBY ORDERED** that the Defendant shall provide documentation and records sufficient to establish the origin of the funds Custom Carbon Processing, Inc. paid to Joshua Garrison and Aaron Osborne on or before August 21, 2020. Specifically, the records must establish how and whether CCP paid $250,000 and $200,000 to Garrison and Osborne respectively. The records must also establish the relationship between those funds and the worker's compensation funds, if any. The Clerk of Court shall notify the parties of this order.

DATED the 14th day of August, 2020.

_____
SUSAN P. WATTERS
U.S. DISTRICT JUDGE