**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| UNITED STATES OF AMERICA, | CR 17-143-BLG-SPW-2 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| PETER MARGIOTTA, | |
| Defendant. | |

The Court previously concluded it would not order Peter Margiotta to pay for the attorneys' fees and costs Joshua Garrison and Aaron Osborne incurred in their civil litigation.   (Doc. 207 at 16.)   The Court also determined that the harm Margiotta proximately caused Garrison and Osborne through his criminal conduct was most closely related to the amount Custom Carbon Processing, Inc. ("CCP") paid in the parties' negotiated settlement.   CCP and the other entities in the civil case essentially apportioned liability among themselves with Garrison's and Osborne's approval.   (*Id.* at 15–16.)   Pursuant to the Court's order, Margiotta has also provided the general releases Garrison and Osborne signed with respect to CCP

1

and Green Oasis Environmental, Inc.—both Margiotta's companies.   (Docs. 208-2; 208-4.)   The documents released CCP and Green Oasis from any and all actions or claims related to the "described accident," which was the "flash explosion and fire caused by drip gas fumes causing injury."   (Docs. 208-2 at 1; 208-4 at 2.)

The releases represented settlements for $60,000 to Garrison and $40,000 to Osborne.   (Docs. 208-2 at 1; 208-4 at 1.)   In its prior order, the Court found that CCP paid $250,000 to Garrison and $200,000 to Osborne based on the information then before it.   (Doc. 207 at 2.)   Both Margiotta and the Government have since clarified that CCP actually paid the $60,000 and $40,000 represented by the settlement agreements.   (Docs. 208 at 3–4; 215 at 5–6.)   Further, the Montana State Fund paid both these amounts on CCP's behalf.   (Doc. 209-1.)   The difference between the amounts was a calculation error—specifically, the $250,000 and $200,000 values unintentionally included amounts Woody's Trucking, LLC and United Rentals (North America), Inc. paid to Garrison and Osborne based on those entities' roles in the explosion.   (Doc. 215 at 5–6.)

Therefore, the $60,000 and $40,000 values represent the true value for which the victims agreed to hold Margiotta's companies liable.   Based on the reasoning from its prior order, the Court finds those values most accurately represent the harm Margiotta proximately caused Garrison and Osborne.   Furthermore, because the

Montana State Fund paid those amounts on CCP's behalf, Margiotta will be responsible for paying restitution to the fund.    18 U.S.C. § 3664(j)(1). Accordingly,

**IT IS HEREBY ORDERED** that the Defendant, Peter Margiotta, shall pay restitution in the total amount of $100,000 to the Montana State Fund.

Mr. Margiotta shall pay the amount of restitution as directed by United States Probation.   The above amount is Mr. Margiotta's individual responsibility and is not subject to joint and several liability. Similarly, Mr. Margiotta shall not be responsible for any restitution ordered against any other defendant, including his co-defendant, Mark Hurst. An Amended Judgment will be entered reflecting the above restitution amounts.

DATED this ___27___ day of August, 2020.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge